UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA BENNETT,

    Plaintiff,

v.                         CASE No. 8:11-CV-2324-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff has not shown any reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-eight years old at the time of the most recent administrative hearing and who has a GED certificate with some

_____

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

college, has worked as a home health worker, house cleaner, and waitress (Tr. 37, 52). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to depression, neck disc, and a shattered right knee (Tr. 200). Her claims were denied initially and upon reconsideration.

At her request, the plaintiff then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of cervical degenerative disc disease, arthritis of the right knee, and depression (Tr. 18). He concluded that, with these impairments, the plaintiff has the residual functional capacity to perform light work "with an occasional (up to one-third of the workday) limitation for kneeling and bending but capable of performing routine tasks in an environment with limited contact with the public" (Tr. 20). The law judge determined that, despite these limitations, the plaintiff could return to her past work as a house cleaner (Tr. 23). Accordingly, the law judge ruled that the plaintiff was not disabled (Tr. 25). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B). In this case, also, the plaintiff must show that she became disabled before her insured status expired on September 30, 2002, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff attacks the Commissioner's decision on three grounds. In two related arguments, the plaintiff asserts that the Appeals Council improperly denied her request for review. The plaintiff also argues that the law judge failed adequately to develop the record. None of these contentions warrants reversal.

Significantly, the plaintiff does not specifically challenge any of the law judge's findings. In light of the scheduling Order, any such challenges are deemed abandoned. The scheduling Order required the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" and to support those challenges

-5-

"by citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 15, p. 2).

Rather than challenging the law judge's findings, the plaintiff challenges the Appeals Council's consideration of medical records from Stangherlin Clinic and Tampa Bay Imaging (Tr. 456-66), which were submitted at that level of review. In this regard, the plaintiff contends that the Appeals Council erred by failing to: (1) provide an adequate analysis of new and material evidence, and (2) find that the new evidence required a remand (Doc. 22, pp. 5-7).

The treatment of new evidence is governed by Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253 (11th Cir. 2007). The Eleventh Circuit sought to clarify in Ingram the law concerning the nature and extent of judicial review of new evidence that was first presented to the Appeals Council. In my view, Ingram held that, when the Appeals Council considers new evidence and denies review, the district court should determine whether the Appeals Council has correctly decided that the law judge's findings are not contrary to the weight of all the evidence. See Tucker v. Astrue, 2008 WL 2811170 (M.D. Fla. 2008). This assessment is

undertaken to determine whether there has been a violation of 20 C.F.R. 404.970(b), 416.1470(b), which directs which cases the Appeals Council will review.

On January 11, 2011, Dr. Michael Stangherlin, the plaintiff's chiropractor, opined that the plaintiff sustained trauma resulting from an automobile accident in July 2010 (Tr. 462). The diagnostic impression included status post motor vehicle accident; hyperextension/hyperflexion injury; hyperflexion injury producing chronic musculoligamentous sprain in the cervical spine, thoracic spine, and lumbar spine; rule out chronic cervical radiculopathy, chronic lumbar radiculopathy, chronic HNP cervical spine, and chronic HNP lumbar spine; chronic post-traumatic occipital neuralgia; and chronic myofascial pain syndrome (id.). Dr. Stangherlin recommended conservative pain management, and he advised the plaintiff to continue with over-the-counter medication (Tr. 462-63). He also instructed the plaintiff to refrain from excessive activity and avoid lifting over 25 pounds repeatedly (Tr. 463).

At the request of Dr. Stangherlin, the plaintiff underwent a cervical MRI at Tampa Bay Imaging in February 2011 (Tr. 464-66). The

MRI revealed disc herniation with ventral cord compression at C4-5 and C6-7, and bulging at C3-4  (Tr. 465).

Citing _Ingram_ v. _Commissioner of Social Security Administration_, _supra_, the plaintiff contends that the "Appeals Council erred by failing to provide an adequate analysis of the new and material evidence submitted to it" (Doc. 22, pp. 5-6).  In its notice denying review, the Appeals Council expressly stated that it considered the additional evidence. Importantly, it said further that "[w]e found that this information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. 2).  The Appeals Council was not required to give any greater explanation. _Mansfield_ v. _Astrue_, 395 Fed. Appx. 528, 530 (11th Cir. 2010); _see also_ Doc. 23, pp. 4-5.

The plaintiff's second contention is that the Appeals Council erred by failing to find that the new evidence submitted subsequent to the hearing required a remand (Doc. 22, p. 6).  This contention is rejected because it was not properly developed.

The argument on this issue consisted of just six sentences (_id._, pp. 6-7).  There was no legal authority cited on this issue.  The only medical

evidence cited was an interpretation of an MRI. There was no mention of any of the evidence that was before the law judge. Consequently, the plaintiff made no attempt to show that the Appeals Council was wrong in concluding that the MRI results (or the other newly submitted evidence) did not render the law judge's findings contrary to the weight of all the evidence.

This court certainly has no responsibility to create an argument for the plaintiff on this issue, and then to evaluate the weight of the argument it has created. It is the plaintiff's burden to develop an argument that supports her challenge to the Appeals Council's denial of review. Since, as indicated, the plaintiff has made no attempt to carry her burden on this issue, the contention is rejected.

Finally, the plaintiff contends that the law judge failed adequately to develop the administrative record (Doc. 22, pp. 7-9). The law judge has a basic duty to develop a full and fair record. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). However, the burden of proving disability rests primarily with the plaintiff. See Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001); 20 C.F.R. 404.1512(c), 416.912(c) ("You must provide medical evidence showing that you have an impairment(s) and how

severe it is during the time you say that you are disabled."). Importantly, the law judge's duty only relates to the twelve months prior to the filing of the plaintiff's 2007 applications. Ellison v. Barnhart, supra.

The law judge scheduled a hearing and informed the plaintiff of her right to be represented, but the plaintiff appeared without an attorney or other representative. After the plaintiff indicated that she wanted the opportunity to obtain counsel, the law judge continued the hearing (Tr. 58).

At the second hearing, the plaintiff again appeared without a representative. The plaintiff said that she was unsuccessful in obtaining an attorney, but she wanted to proceed with the hearing (Tr. 33-34).

The plaintiff, who thus was not represented at either administrative hearing but now has counsel, complains that the law judge's decision fails to indicate what efforts were made to secure her medical records from Physician's Group of Tampa (Doc. 22, pp. 7-9). In his decision, however, the law judge stated that "[a]t the September hearing, claimant reported that she was receiving treatment at Physician's Group. I, therefore, attempted to secure those records on September 7, 2010. However, as of the

date of this decision, no such records have been submitted despite our best efforts to obtain them" (Tr. 15).

The plaintiff, seemingly suggesting that the court should not take the law judge at his word, complains that the record does not contain any letters or notes corroborating the law judge's efforts (Doc. 22, pp. 8-9). The plaintiff does not provide any authority supporting her assertion that the law judge should document his efforts to obtain medical records. Therefore, I accept the law judge's statement that he attempted to obtain the records but was unable to do so.

Although she does not clearly say so, the plaintiff may be arguing that the law judge's duty to develop the record was heightened due to her pro se status at the administrative hearings (id., p. 8). The law judge "has a special duty to ensure the record demonstrates that an unrepresented claimant who did not waive counsel was not prejudiced by the lack of counsel." Robinson v. Astrue, 235 Fed. Appx. 725, 727 (11th Cir. 2007)(emphasis in original). However, the Eleventh Circuit has made clear that, "where counsel has been waived, the special duty to develop the record does not take effect." Id. Here, the plaintiff expressly waived her right to

representation at the second administrative hearing (Tr. 33-34). Thus, the law judge did not have a heightened duty to develop a full and fair record.

Moreover, the plaintiff had ample notice of her burden of proving disability by submitting medical evidence to the law judge. A July 28, 2010, Notice of Hearing stated (Tr. 63):

> It is very important that the evidence in your file is complete and up-to-date. If there is more evidence, such as recent records, reports, or evaluations that you want me to see, please mail or bring that evidence to me as soon as possible. If you cannot submit the evidence to me before the hearing, you may bring it to the hearing. Submitting evidence to me before the hearing can often prevent delays in reviewing your case.

The plaintiff clearly understood her opportunity to submit additional evidence. Thus, she presented new evidence to the law judge at the second hearing (Tr. 34-35). Furthermore, she was the one who submitted the additional evidence to the Appeals Council (see Tr. 6).

As the Commissioner points out, "[t]he ALJ's decision put Plaintiff on notice that Physician's Group had not responded to the hearing office's request for medical records" (Doc. 23, p. 11). Despite this notice, the plaintiff apparently did not obtain her medical records and submit them to the

-12-

Appeals Council, along with the other material she sent it. This failure raises questions whether the records even exist, or whether they are not favorable to the plaintiff.

Furthermore, even if the law judge had some obligation to obtain the missing records, his failure to do so would not constitute reversible error. Thus, even where there is a duty, a remand is not warranted unless the plaintiff can demonstrate evidentiary gaps in the record which result in "unfairness or clear prejudice." Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 586 (11th Cir. 1991). The plaintiff has failed to making such a showing.

The plaintiff is now represented by an attorney. The attorney could have attempted to obtain the records and submit them to the court in an effort to show that their absence results in unfairness or clear prejudice to the plaintiff. That has not been done. Consequently, the questions remain whether the records exist and, if so, whether they are favorable to the plaintiff. In all events, speculation about missing records does not justify a remand.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED.

The Clerk shall enter judgment in accordance with this Order and CLOSE the

case.

DONE and ORDERED at Tampa, Florida, this __17th__ day of

January, 2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE